**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 9911016961 |
| | ) | |
| DARREL PAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SUMMARILY DISMISSING DEFENDANT'S
SIXTH MOTION FOR POSTCONVICTION RELIEF**

This 29th day of January, 2018, upon consideration of Defendant's Motion for Postconviction Relief, Motion of Postconviction Relief Memorandum, and the exhibits attached to the Motion of Postconviction Relief Memorandum (collectively, the "Sixth Rule 61 Motion") filed by Defendant Darrel Page; the facts and legal authorities set forth in the Fifth Rule 61 Motion; and the entire record in this case;

CONVICTION, SENTENCING, AND APPEAL

1.      On June 17, 2003, after a trial by jury, Mr. Page was convicted of three counts of Murder in the First Degree, one count of Robbery Second Degree, one count of Conspiracy First Degree, one count of Endangering the Welfare of a Child, and various weapons charges.  On February 24, 2006, this Court sentenced Mr. Page to life imprisonment without the possibility of parole for each count of Murder in the First Degree.

2.      Mr. Page appealed his convictions and sentence to the Supreme Court of Delaware.  In the appeal, Mr. Page was represented by counsel separate from his trial counsel. Mr. Page contended that (i) the State violated his Sixth Amendment right to a speedy trial; (ii) he received ineffective assistance of counsel at trial; and (iii) the trial judge erred in admitting

certain evidence—photographs, crime scene video, and a video of an out-of-court statement to police by Kim Still, a State witness.

3. In an Opinion dated October 19, 2007, the Supreme Court affirmed Mr. Page's convictions and sentences. The Supreme Court held that Mr. Page was not denied his right to a speedy trial, and that this Court did not err or abuse its discretion in admitting the photographs and videos. The Supreme Court, however, did not address Mr. Page's ineffective assistance of counsel claims because that argument had not yet been considered by this Court.

### FIFTH MOTION FOR POSTCONVICTION RELIEF

4. On November 30, 2016, Mr. Page, acting *pro se*, filed his fifth motion for postconviction relief (the "Fifth Rule 61 Motion").[1] In the Fifth Rule 61 Motion, Mr. Page asserted claims of ineffective assistance of trial counsel. Specifically, this time, Mr. Page claims ineffective assistance of counsel based on appellate counsels' purported failure to request and obtain ten days of trial transcripts when preparing Mr. Page's appeal. The Fifth Rule 61 Motion claimed that this purported failure also resulted in due process, equal protection, and speedy trial violations.

5. On June 8, 2017, this Court summarily dismissed the Fifth Rule 61 Motion as untimely and repetitive. In addition, the Court specifically addressed Mr. Page's arguments regarding the purported failure by appellate counsel to request and obtain trial transcripts.[2] Mr. Page appealed the Court's decision. On September 6, 2017, the Supreme Court affirmed the Court's decision. The Supreme Court issued its mandate on September 26, 2017.

---

[1] This Court set forth in its Memorandum Opinion and Order on Mr. Page's third motion for postconviction relief—in detail—the arguments made by Mr. Page in his initial three motions for postconviction relief. *See* Memorandum Opinion and Order p. 2–5. This Court incorporates by reference and relies upon the background portions of that Memorandum Opinion and Order for this Order.

[2] This Court set forth in its Order denying the Fifth Rule 61 Motion the arguments made by Mr. Page regarding missing transcripts. *See* Order at ¶ 14 (D.I. No. 263). This Court incorporates by reference and relies upon the background portions of that Order for this Order.

**SIXTH AND PENDING MOTION FOR POSTCONVICTION RELIEF**

6. Before the Court is Mr. Page's Sixth Rule 61 Motion. Mr. Page, acting *pro se*, filed the Fifth Rule 61 Motion on January 25, 2018. In the Sixth Rule 61 Motion, Mr. Page claims, once again, that he is entitled to postconviction relief based on ineffective assistance of his appellate counsel.

7. The basis for the present ineffective assistance of counsel claim once again stems from appellate counsels' response to Mr. Page's *pro se* motion to compel, which Mr. Page filed on April 13, 2016. In the motion, Mr. Page sought to compel his appellate counsel—James Liguori, Esquire and Gregory Morris, Esquire of the law firm of Liguori & Morris ("Liguori & Morris") and Joseph Lawless, Esquire—to produce Mr. Page's case file. By letter dated May 25, 2016, Liguori & Morris informed the Court that its office, which had acted as local counsel for Mr. Lawless, had provided the case file and all relevant documents in its possession to Mr. Page. However, Liguori & Morris did not have the trial transcripts in Mr. Page's case because the transcripts were forwarded to Mr. Lawless. Mr. Lawless no longer practices law, and despite Liguori & Morris' best efforts, it could not locate Mr. Lawless or the trial transcripts. Based upon this explanation, the Court denied the motion on September 15, 2016. The Fifth Rule 61 Motion asserting ineffective assistance of counsel against Liguori & Morris followed.

8. On December 15, 2016, the Court directed Liguori & Morris to submit an affidavit in response to the Fifth Rule 61 Motion. On January 13, 2017, Liguori & Morris filed the Prior Counsel Affidavit, restating that it did not provide ineffective assistance of counsel because it had in fact requested and obtained trial transcripts.

9. Mr. Page now contends that his appellate counsel's Prior Counsel Affidavit is factually incorrect. Mr. Page attaches documents that he contends demonstrates that his

appellate counsel failed to request three (3) days of trial transcripts—May 5, 6, and 7, 2003.  As support, Mr. Page states that "Exhibit B on page 17 (included)" provides that appellate counsel only requested the following—"All proceedings from February 16, 2001. May 20, 2003 to June 17, 2003 including, (all content within the length of the above dates)[.]"

10.     The Court notes that Mr. Page misreads "Exhibit B on page 17 (included)." Exhibit B is the "Directions to the Court Reporter of Proceedings Below to be Transcribed Pursuant to Rule 9(e) (the "Directions").  The Directions ACTUALLY reads as follows:

> 2.  ***All proceedings from February 16, 2001,2003 to May 20, 2003***; May 20, 2003 to June 17, 2003, including, but not limited to, office conferences, side bar conferences, jury selection, suppression hearing, opening and closing statements of counsel, trial, penalty hearing and the verdict of the jury. (emphasis added).

On its face, the Direction requests all transcripts from February 16, 2001 and 2003 to May 20, 2003.  This means that the transcripts from May 5-7, 2003 were requested in the Directions.  As such, the Sixth Rule 61 Motion is based on incorrect information.  In addition, it appears that Mr. Page has purposely attempted to mislead the Court by selectively quoting from a document in order to support the Sixth Rule 61 Motion—*i.e.*, purposely dropping out the "2003" from the February 16, 2001, 2003 to May 20, 2003 request.

### DISCUSSION

11.     Superior Court Criminal Rule 61 ("Rule 61") governs motions for postconviction relief.  Before addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether a defendant has satisfied the procedural requirements of Rule 61.[3]

12.     The Sixth Rule 61 Motion is controlled by the June 4, 2014 version of Rule 61 because Mr. Page filed the Fifth Rule 61 Motion after the June 4, 2014 amendment took effect.[4]

---

[3] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[4] *See e.g., Collins v. State*, No. 37, 2015, 2015 WL 4717524, at *1 (Del. Aug. 6, 2015) (explaining that the Court

Rule 61 establishes four procedural bars to postconviction relief.[5] Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[6] Under Rule 61(i)(2), successive motions are barred unless the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[7] Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of movant's rights."[8] Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[9]

13.     The procedural bars contained in Rule 61(i)(1-4) may be rescinded only if there is a means by which to do so in the applicable subsection of Rule 61.[10] Absent such relief, Rule 61(i)(5) provides additional reprieve from the procedural bars described in Rule 61(i)(1-4).[11] Under Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[12] The subparts in Rule 61(d)(2) require a movant:

(i)     pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)    pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United

---

should apply the law that was in effect on the date that the Motion was filed).
[5] Super. Ct. Crim. R. 61(i)(1)-(4).
[6] Super. Ct. Crim. R. 61(i)(1).
[7] Super. Ct. Crim. R. 61(i)(2).
[8] Super. Ct. Crim. R. 61(i)(3).
[9] Super. Ct. Crim. R. 61(i)(4).
[10] *State v. MacDonald,* No. 90010077, 2007 WL 1378332, at *4 (Del. Super. May 9, 2007).
[11] *Id.*
[12] Super. Ct. Crim. R. 61(i)(5).

States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[13]

14. Mr. Page's Sixth Rule 61 Motion is procedurally barred by Rule 61(i)(1) as untimely. The Sixth Rule 61 Motion is additionally barred by Rule 61(i)(2) as a successive motion. This is Mr. Page's sixth motion for postconviction relief, and this marks the sixth time that Mr. Page has claimed he is entitled to relief under Rule 61 due to ineffective assistance of counsel. Moreover, any claim that Mr. Page has failed to raise by this point, including the due process claims, is barred and remains barred by Rule 61(i)(3). Mr. Page has not demonstrated cause or prejudice sufficient to overcome the bar in Rule 61(i)(3). To the contrary, Mr. Page has had ample opportunity to raise claimed deprivations of his constitutional rights during the proceedings leading to his convictions, direct appellate proceedings, or any of the first four postconviction motions.

15. Mr. Page also has not demonstrated that the Sixth Rule 61 Motion is exempt under Rule 61(d)(2) from the procedural bars discussed above. Mr. Page does not plead that a new rule of constitutional law applies retroactively to invalidate his sentence. Moreover, Mr. Page does not plead with the requisite particularity that new evidence creates a strong inference that he is innocent.

16. The Court is troubled by Mr. Page's attempt to deceive the Court by partially quoting the Directions. Mr. Page argues due process and alike while at the same time engaging in deceptive practices with the Court. The Court cautions Mr. Page from such tactics and reminds Mr. Page that he can be sanction for such conduct, including losing the right to file future papers with the Court.

---

[13] Super. Ct. Crim. R. 61(d)(2).

6

17.     Accordingly, for the reasons set forth above, Mr. Page's Sixth Rule 61 Motion is hereby **SUMMARILY DISMISSED**.


/s/ Eric M. Davis
Eric M. Davis, Judge

cc:     Original to Prothonotary:
        Darrel Page (SBI #410556)
        Joe Grubb, Esq.